OPINION OF THE COURT
Stanley B. Katz, J.
In this personal injury action arising out of an automobile collision that took place on May 6, 1986, a traverse hearing *195 was held on September 21, 1989 in connection with plaintiffs’ motion to strike defendant’s affirmative defense of lack of personal jurisdiction.
Service was made on the Secretary of State pursuant to Vehicle and Traffic Law § 253. Defendant advocates a technical argument which this court finds untenable. Defendant concedes that the vehicle, which is claimed to have been involved in the accident, was owned by him, registered in New Jersey at a New Jersey address and bore New Jersey license plates. The thrust of defendant’s argument is that Vehicle and Traffic Law § 253 governing service on nonresidents only is inapplicable since defendant testified that since 1982 he has continuously resided in New York; has a New York driver’s license listing a New York address and maintains other indicia of residence in this State.
In advancing this position, defendant ignores Vehicle and Traffic Law § 250 (1) which provides "In case a non-resident becomes a resident of this state, he shall be entitled for a period not exceeding thirty days from the date he becomes a resident to the same exemption from registering his vehicle in this state as he would have enjoyed had he remained a nonresident.” Vehicle and Traffic Law § 250 (5) further provides: "It shall be presumptive evidence that a person who maintains a place of abode in this state for a period of at least ninety days is a resident of this state.”
Having failed to comply with the above requirements of article 3, defendant cannot assert the same article in his favor to avoid jurisdiction. It appears that plaintiffs made inquiry with both the New Jersey State Division of Motor Vehicles and the United States Post Office to ascertain defendant’s New Jersey address. However, where defendant’s own act, i.e., failure to register his vehicle in New York, made it difficult to ascertain his whereabouts, he should be estopped to assert lack of jurisdiction. In any event, the unclaimed letter (see, Vehicle and Traffic Law § 253 [2]) coupled with the signed return receipt of defendant’s father upon the second attempt at service by mail to his parents’ address was sufficient to give defendant notice of the action.
Accordingly, the court finds that jurisdiction was obtained over defendant and the affirmative defense of lack of jurisdiction is stricken.